# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 16-cv-09459 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| ADELAIDE TAMAYO ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Adelaide Tamayo sets forth two motions. The first seeks to vacate, set aside, or correct her sentence pursuant to Amendment794 to the United States Sentencing Guidelines and 28 U.S.C. § 2255 [1]. Tamayo contends that she should receive a minor role reduction because she was less culpable than her conviction reflects. The second motion petitions this Court for a two-point downward departure pursuant to the United States Sentencing Guidelines 3E1.1 [3] based on Tamayo's assertion of "post-offense rehabilitative efforts." Both motions are unopposed. For the reasons stated below, this Court denies both motions without an evidentiary hearing.

**Background**

On December 12, 2012, a ten-count indictment No. 11-CR-00899 was filed by a federal Grand Jury charging Adelaide Tamayo and her partners with conspiracy to defraud the United States; unlawful possession of a postal service key; mail theft; and access device fraud in violation of 18 U.S.C. §§ 371, 1704, 1708, and 1029(a)(2). Tamayo initially contested the charges and filed several motions in opposition. (*See United States v. Tamayo*, 11-CR-00899-1, at Dkt. 16, 82, and 103). Tamayo also failed to appear for hearings twice and subsequently, had warrants issued for her arrest. (*See United States v. Tamayo*, 11-CR-00899-1, at Dkt. 13 and 53). On March 26, 2014, Tamayo pled guilty to only Count 2 pursuant to a written plea agreement, which decreased her overall criminal liability. (*See United States v. Tamayo*, 11 CR 00899, at Dkt. 144). District Court Judge Amy St. Eve

sentenced Tamayo on November 3, 2014 to ninety-two months imprisonment and imposed a two-year mandatory supervised release. Tamayo did not appeal her conviction or sentence.

On October 30, 2015, Tamayo filed an unsuccessful Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. (*See Tamayo v. United States*, 15 CV 09801, at Dkt. 1 and 10). On October 3, 2016, Tamayo filed the two motions at bar.

1. **Amendment 794 of the United States Sentencing Guidelines and 28 U.S.C. § 2255.**

Petitioner Tamayo seeks relief from her conviction and sentence pursuant to 28 U.S.C. § 2255(a), which allows a prisoner convicted in federal court to move to vacate, set aside, or correct her sentence "on the ground that the sentence was imposed in violation of the Constitution or laws of the United States." Tamayo's *pro se* petition is construed liberally to determine whether a claim has been fairly presented. *Ward v. Jenkins*, 613 F.3d 692, 700 (7th Cir. 2010). Relief under section 2255 is available only in limited circumstances, such as where an error is jurisdictional, constitutional, or there has been a "complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). This is "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Consequently, Congress saw fit to apply "[a] 1-year period of limitation" to a motion brought under this section, which runs from "the date on which the judgement of conviction becomes final." 28 U.S.C. §2255(f)(1).

In support of the claim that her sentence violated the law, Tamayo looks to Amendment 794, issued by the United States Sentencing Commission on November 1, 2015, which clarified the commentary to U.S.S.G. §3B1.2 to permit an adjustment for a defendant whose actual involvement makes her "substantially less culpable than the average participant" in comparison to co-participants. U.S.S.G. § 3B1.2, Commentary 3(A); U.S.S.G. Supplement to Appendix C, Section 794. In the *United States v. Quintero-Leyva* opinion, the Ninth Circuit determined that Amendment 794 could

2

apply retroactively in direct appeals to ensure that courts considered all of the factors in evaluating whether a minor role reduction applied. 823 F.3d 519, 524 (9th Cir. 2016). The Ninth Circuit advised that, accordingly, courts should consider the following factors:

    (i)      the degree to which the defendant understood the scope and structure of the criminal activity;
    (ii)     the degree to which the defendant participated in planning or organizing the criminal activity;
    (iii)    the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
    (iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and
    (v)     the degree to which the defendant stood to benefit from the criminal activity.

*Id*.

*Untimely filing, procedural default, and dissimilar facts*

According to 28 U.S.C. §2255(f)(1), Tamayo's petition is untimely under the law. While she references a circuit court case as grounds to demonstrate the unlawfulness of her sentence, this case was not evaluated by the Supreme Court, so the opinion would not start the clock for her timely petition under subsection (c). The only timeline that makes sense here is the date of conclusion of direct review under subsection (a). Since Tamayo did not appeal her case, the clock would start when final judgement and sentencing occurred on November 3, 2014. This is outside of the one-year limit and so, the request is moot.

Further, Tamayo uses the holding in *Quintero-Leyva* as a basis for attacking her sentence and supporting a reduction. That comparison is completely inapposite. First, Tamayo did not file a direct appeal following her conviction like the petitioner in *Quintero-Leyva*. The Seventh Circuit has been clear that non-constitutional issues that could have been but were not raised on direct appeal cannot be raised in a Section 2255 petition. *United States v. Belford*, 975 F.2d 310, 313 (7th Cir. 1992);

3

*see also Turner v. United States*, 693 F.3d 756, 758 (7th Cir. 2012). Procedural default can be avoided if petitioner can demonstrate both cause and prejudice from the failure to appeal or that "a fundamental miscarriage of justice" will occur if collateral review is barred. *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012). Section 2255, however, cannot be used as a substitute for direct appeal. *Vinyard v. United States*, 804 F.3d 1218, 1226 (7th Cir. 2015) (citing *Qualls v. United States*, 774 F.2d 850, 851 (7th Cir. 1985). The claim Tamayo raises here is one that is appropriate for a direct appeal since it does not depend on evidence outside of the record. *See Vinyard*, 804 F.3d at 1226; *united States v. Taglia*, 922 F. 2d 413, 417 (7th Cir. 1991). Her claims are thus procedurally barred from coming before this Court in this manner. Even still, the Seventh Circuit has held that deviations from the Sentencing Guidelines generally are not cognizable on a Section 2255 motion. *See Welch v. United States*, 604 F. 3d 408, 412 (7th Cir. 2010).

Second, even if this petition was procedurally correct, in addition to the fact that the petitioner in *Quintero-Leyva* raised his issue on direct appeal, Tamayo's facts are starkly different from those of that case. Quintero-Leyva was unaware of the logistics of the drug transport plan and was paid a finite amount of money to perform a discrete task in furtherance of the overall conspiracy. *United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016). By definition, he played a minor role compared to the other parties involved. Here, by Tamayo's own admission, she played at least as equal a part in the commission of the criminal enterprise as the other individuals involved. (*See Tamayo v. United States*, 16 CV 09459, at Dkt. 3). She also pled to knowingly and unlawfully possessing the U.S. Postal Key; using that key, along with the two other people, to unlawfully and improperly enter residential buildings; and then accessing mail receptacles and stealing packages as well as other items from inside those buildings. The Amendment specifies that sentence adjustments apply to defendants who were substantially less culpable than the average participant. Considering the factors, it appears on the face of the facts that Tamayo was fully apprised of the

4

scope and structure of the criminal activity; she was integral in devising the scheme; she had just as much authority and discretion as her partners; she was actively involved in the commission of the offenses; and that she benefited from her involvement in the criminal activity. Tamayo was on equal footing as her partners, and so, she does not qualify for an adjustment under Amendment 794 either.

Petitioner Tamayo did not meet her burden of proving that she was eligible for reduction as a minor participant and so, her motion to vacate, set aside, or correct her sentence is denied.

**2.     United States Sentencing Guidelines §3E1.1 Application Notes.**

Section 3E1.1 of the United States Sentencing Guidelines provides that "if a defendant clearly demonstrates acceptance of responsibility for his offense," a judge should "decrease the offense level by 2 levels." "The defendant bears the burden to 'clearly demonstrate acceptance of responsibility by a preponderance of the evidence.'" *United States v. Hendricks*, 319 F.3d 993, 1009 (7th Cir. 2003) (citation omitted). Part 1 of the Application Notes to §3E1.1 provides several factors to consider in determining whether a defendant qualifies for such a decrease—one of which is "post-offense rehabilitative efforts," such as counseling or drug treatment. U.S.S.G. §3E1.1, Application Note 1(g).

An "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction . . . will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). U.S.S.G. §3E1.1, Application Note 3. The Application Notes, however, specifically exclude "a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. §3E1.1, Application Note 2. A defendant that pleads guilty is not entitled to an adjustment if the evidence of their accountability can be "outweighed by conduct of the defendant that is inconsistent with such acceptance of

5

responsibility." U.S.S.G. §3E1.1, Application Note 3.  "The defendant bears the burden of proving that he deserves such a reward." *United States v. Leahy*, 464 F.3d 773, 790 (7th Cir. 2006).

*No clear demonstration of remorse.*

On the second motion for downward departure, Subsection (a) of §3E1.1 of the United States Sentencing Guidelines does permit courts to offer leniency when the defendant has clearly demonstrated that they accepted responsibility. U.S.S.G. §3E1.1, Application Note 3.  The Commentary to the Guidelines outline several factors that courts should consider when determining whether a defendant qualifies under subsection (a); however, Petitioner asks this Court to specifically consider her post-offense rehabilitative efforts.

Tamayo's submissions included a letter in support of a sentence adjustment. (*See Tamayo v. United States*, 16 CV 09459, at Dkt. 4).  In that letter, she described her progress—listing programs that she completed in prison, such as a self-help course, victim impact training, drug rehabilitation, and her General Education Diploma. (*Id.*).  The bulk of her letter, however, is spent discussing the value that she would gain from being released and able to reunite with her children. (*Id.*).  Only one or two sentences are dedicated to any remorse for her actions. (*Id.*).  This suggests to this Court that she is not completely contrite and does not have a full appreciation of the harm done to the people she victimized.  She also has not offered any proof that she has stayed out of trouble since being incarcerated.  Additionally, even though these efforts are commendable, her programs do not reflect the type of exemplary reform expected for such an extraordinary act as reducing a defendant's sentence.

A guilty plea can certainly also be evidence of remorse, but a subsequent reduction is not a matter of right if petitioner's conduct is inconsistent with evidence of accountability. U.S.S.G. §3E1.1, Application Note 3.  During the pretrial proceedings, Tamayo maintained her innocence, filing several adversarial motions for just over a year.  She was also not cooperative, failing to appear

6

at two hearings and requiring the judge to issue a warrant for her arrest twice. Tamayo arrived at a guilty plea only after being offered a plea agreement that significantly diminished her criminal and punitive liability. *See United States v. Leahy*, 464 F.3d 773, 791 (7th Cir. 2006) (finding that petitioner's plea did not reflect a true belief that he was culpable, but a calculated decision to gain the advantage of the reduction because of his lackluster attitude when pleading guilty). Tamayo did eventually plead guilty, but the facts here do not support that Tamayo has demonstrated the type of genuine repentance that the guidelines contemplated. *United States v. Quinlan*, 304 F. App'x 460, 462 (7th Cir. 2008) (finding that defendants must demonstrate sincere contrition and "[e]leventh-hour guilty pleas, in particular, do not warrant a reduction for acceptance of responsibility because they do not fully relieve the government of preparing for trial and give the impression that the defendant is waiting for a deal rather than fully accepting responsibility from the outset).

Tamayo does not qualify for the two-point downward departure. Thus, her motion is denied.

**Conclusion**

This Court finds no reason for altering Tamayo's sentence. Additionally, this Court concludes that an evidentiary hearing is unnecessary based on the vague, non-specific, and conclusory assertions made by Tamayo. *See Prewitt v. United States*, 83F.3d 812, 819 97th Cir. 1996); *Daniels v. United States*, 54 F. 3d 290, 293 (7th Cir. 1995) (holding that an evidentiary hearing on a Section 2255 motion is not mandatory). Accordingly, this Court denies both motions.

IT IS SO ORDERED.

Date: December 1, 2017

Sharon Johnson Coleman
United States District Court Judge

7